IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| **903 Lake Front Drive, LLC** | * | **Case No.:** 24-11815 |
| | * | |
| | * | **Chapter 11** |
| | * | |
| **Debtors** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### AMENDED AFFIDAVIT IN SUPPORT OF
### APPLICATION
### FOR APPROVAL OF EMPLOYMENT OF CHARLES E. WALTON,
### ESQUIRE AND WALTON LAW GROUP, LLC.,
### <u>AS COUNSEL FOR THE DEBTOR</u>

**I, Charles E. Walton, Esquire, HEREBY CERTIFY that on the 4th day of April 2024,** I am the person whose name is subscribed in this Affidavit.

1. I am a competent person over the age of eighteen who has knowledge of the captioned cause and can testify hereto.

2. I am an attorney admitted to practice in Maryland and the United States Bankruptcy Courts for the District of Maryland.

3. I maintain an office in the State of Maryland at 10905 Fort Washington Road Ste 201, Fort Washington, Maryland 20774.

4. That WLG represents no other entity in connection with this case is disinterested as that term is defined in 11 U.S.C. §101(14). WLG is not a creditor, an equity security holder, or an insider of Debtor   (ii) is not and was not an investment banker for any outstanding security of Debtors; (iii) has not been within three years before the date of the filing of the petition, an investment banker or a security of the Debtors, or an attorney for such an investment

banker in connection with the offer, sale, or issuance of a security of the Debtors; (iv) is not and was not, within two years before the date of filing of the petition a director, officer or employee of the Debtors or an investment bank specified in sections (ii) and (iii) of this paragraph; and (v) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in sections (ii) and (iii) of this paragraph, or for any other reason. Further, WLG holds no interest adverse to the interest of the Debtors.

5. WLG has no connection with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys, the United States Trustee, or any person employed in the office of the United States Trustee.

6. Proposed counsel spoke with the debtor during the month of February 2024 and was engaged by her to file a bankruptcy on or about February 26, 2024.

7. Counsel for the Debtor requested a retainer of $5000.00, which Marterese Green, on behalf of the Debtor, paid.

8. Prior to the filing of the Debtor's Chapter 11 Bankruptcy Debtor utilized $4200 of the retainer.

9. Counsel for Debtor spent substantial time with Debtor 903 Lake Front Drive, LLC, to understand, define, and prepare a bankruptcy prior to filing.

6. That all the facts contained in the Application for Approval of Employment as Counsel for Debtors are true and correct.

**I HEREBY AFFIRM THAT THE MATTERS AND FACTS CONTAINED HEREIN ARE TRUE AND CORRECT BASED ON MY INFORMATION AND KNOWLEDGE.**

  **/s/ Charles E. Walton**
Charles E. Walton
Walton Law Group, LLC.
10905 Fort Washington Rd  Suite 201
Fort Washington, MD
20774
(301) 292-8357