IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11815-MCR |
| | ) | (Chapter 11) |
| 903 LAKE FRONT DRIVE, LLC | ) | |
| | ) | |
| Debtor. | ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

Comes now WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("WCP"), by and through undersigned counsel, in response to this Honorable Court's Order to Show Cause Why Plan and Disclosure Statement Should Not be Stricken (the "Order to Show Cause," as found at DE #31) and states as follows:

### I. Introduction

As noted in the Order to Show Cause, 903 Lake Front Drive, LLC (the "Debtor") commenced this proceeding as a small business case and WCP then proceeded to docket a proposed plan of reorganization, together with a disclosure statement, within the 180-day exclusivity period attendant to small business cases. Critically, however, prior to WCP making these filings, the Debtor voluntarily amended the petition for relief herein, so as to remove the small business designation. WCP thereafter waited until after the expiration of the exclusivity period applicable to non-small business cases, before filing the proposed plan and disclosure statement, so as to ensure these actions were in accord with the temporal dictates of Title 11 of the United States Code (the "Bankruptcy Code").

For this reason, and as extrapolated upon *infra*, WCP respectfully asks the Order to Show Cause be discharged.

1

## II.     Argument: The Debtor is Not a Small Business Debtor

The original petition for relief (the "Original Petition," as found at DE #1) contained an enigmatic oddity, suggesting that the Debtor is both a "small business debtor" and a "Single Asset Real Estate" entity ("SARE"). Original Petition, DE #1, at §§ 7-8. These two designations are mutually exclusive and, as such, it necessarily followed that the Debtor thereafter docketed an amended petition (the "Amended Petition," as found at DE #14), in which neither such designation was elected by the Debtor. It is upon the Amended Petition that WCP relied in assessing the duration of the exclusivity period in this case, and WCP believes such reliance to have been proper in nature.

The Original Petition cannot, as a matter of law, have properly set forth the character of the Debtor's business, because an entity cannot be both a small business debtor and a SARE. *See, e.g.*, 11 U.S.C. § 101(51D) ("The term 'small business debtor'-- (A) subject to subparagraph (B), means a person engaged in commercial or business activities (. . . excluding a person whose primary activity is the business of owning single asset real estate). . ."); *Andover Covered Bridge, LLC*, 553 B.R. 162, 166 n. 3 (B.A.P. 1st Cir. 2016) ("The Debtor's designation as a small business debtor is inconsistent with this being a single asset real estate case. . . The definition of small business debtor specifically excludes debtors in single asset real estate cases and, therefore, by definition, a single asset real estate case cannot be a small business debtor case.") (citing *In re PM Cross, LLC*, 494 B.R. 607, 616–17 (Bankr. D.N.H. 2013)); *In re CYMA Cleaning Contractors Inc.*, 2023 WL 7117445, at *5 (Bankr. D.P.R. Oct. 27, 2023) ("SARE debtors are expressly excluded from being small business debtors pursuant to section 1182(1)(A). Thus, if the debtor is determined to be a SARE, the debtor cannot reorganize under subchapter V.") (quoting *In re Caribbean Motel*

*Corp.*, 2022 WL 50401, at *3 (Bankr. D.P.R. 2022); citing 1 Bankruptcy Law Fundamentals § 12:24 (2023)).

This mutually exclusive designation did not prove an issue herein, however, because the Debtor thereafter filed the Amended Petition, removing both the "small business debtor" and SARE designations. *See* Amended Petition, DE #14, at §§ 7-8. The docket text accompanying the Amended Petition indicates, *inter alia*, "Deleted Single Real Estate Asset and Small Business Classification." *See* Docket at DE #14. In light of these deletions, and the accompanying docket text, WCP has proceeded with the understanding that the Debtor is not a small business debtor and is not electing to be treated as a small business debtor herein.[1]

As noted in the Order to Show Cause, the Bankruptcy Code provides a 180-day exclusivity period for small business debtors. 11 U.S.C. § 1121(2)(1). However, the exclusivity period for a non-small business debtor is 120 days, 11 U.S.C. § 1121(b), and "[a]ny party in interest, including . . . a creditor" is thereafter permitted to file a plan of reorganization, 11 U.S.C. § 1121(c). Understanding the latter temporal limitation to apply once the small business designation was voluntarily removed, WCP waited until July 18, 2024—a date 136 days after the case was commenced—to file the proposed plan of reorganization and disclosure statement.

WCP respects the important function of the exclusivity period in a Chapter 11 case, recognizing the timespan "to provide a debtor, at the outset of a chapter 11 case, with 'the unqualified opportunity to negotiate a settlement and propose a plan of reorganization without interference from creditors and other interests.' " 7 Collier on Bankruptcy P 1121.03 (quoting *U.S.*

---

[1] The Amended Petition was amended once more, the following day, to include the Debtor's taxpayer identification number. *See* Second Amended Petition, DE #15. The subsequent amendment does not re-elect SARE or small business treatment, retaining the elections from the Amended Petition. *Id*.

3

*Bank Nat'l Ass'n v. Wilmington Trust Co. (In re Spansion, Inc.)*, 426 B.R. 114, 139–40 (Bankr. D. Del. 2010) (quoting *In re Texaco, Inc.*, 81 B.R. 806, 809 (Bankr. S.D.N.Y. 1988))). It has been WCP's intent, at every stage of this proceeding, to comply with not just the relevant exclusivity protections but, too, the other binding dictates of the Bankruptcy Code. And WCP genuinely believes that, by waiting 136 days, the exclusivity period was appropriately honored.

### III.     Conclusion

WHEREFORE, WCP respectfully prays this Honorable Court (i) discharge the Order to Show Cause; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 25, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

*[Certificate of Service on Following Page]*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of July, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Nicole C. Kenworthy    bdept@mrrlaw.net
- Lisa Yonka Stevens    lisa.y.stevens@usdoj.gov
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email
- Charles Earl Walton    cwalton@cwaltonlaw.com, mhall@cwaltonlaw.com,cwaltonlaw@gmail.com;waltoncr91773@notify.bestcase.com,msolomon@cwaltonlaw.com

                                            /s/ Maurice B. VerStandig
                                            Maurice B. VerStandig