# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND

In re:

903 Lake Front Drive                    Chapter: 11

Case Number: 24-11815

_____

## MOTION TO ADD MARTEREE GREEN TO THE DEED OF 903 LAKEFRONT DRIVE TO BORROW

COMES NOW, 903 Lake Front Drive (hereinafter referred to as "Movant"), by and through her undersigned counsel, and respectfully moves this Honorable Court for an order adding Marterese Green to the deed of the real property located at 903 Lakefront Drive Bowie, MD 20721 (hereinafter referred to as the "Property") and states as follows:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper before this Court under 28 U.S.C. § 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

II. BACKGROUND

4. Movant is a LLC with one sole member Marterese Green.

5. Marterese Green the daughter of Theresa V. Cain, who requires significant and ongoing care due to severe health conditions sold her mother's home to provide better care for her and to run her hairstyle business Styles by Marty.

6. In or around November 8, 2021, Marterese Green was fraudulently induced by the real estate agent Bryan Towell and Sampson Reality with the cooperation of the creditor to create a Limited Liability Company (hereinafter "LLC") under the representation that it would serve as a means to sell her mother's house and purchase the Property 903 Lake Front Drive, wherein she would care for her mother and operate her beauty salon.

7. In reliance on these representations, Ms Green sold her mother's house and invested over $180,000 into the purchase of the Property by putting down about $160000.00 in downpayment in the name of the LLC.

8. Despite her substantial financial investment and the understanding that the Property was intended to provide a home for both her mother's care and her business operations, Marterese Green was not added to the deed of the Property as agreed.

9. Based on information and belief the real estate agent lost his license and multiple complaints were filed against him.

III. FRAUDULENT INDUCEMENT

10. Marterese Green was misled into believing that the formation of the LLC and her substantial investment would result in her being placed on the deed to the Property.

11. The failure to add Movant to the deed constitutes fraudulent inducement, as Ms. Greent relied on false representations to her detriment, resulting in significant financial loss and the potential loss of both her personal residence and business.

12. The actions of the party who induced the fraudulent creation of the LLC and subsequent purchase of the Property unjustly enriched them while leaving Marterese Green without legal ownership or recognition of her equitable interest.

IV. EQUITABLE INTEREST

13. As a result of her substantial investment and reliance on the representations made to her,  Marterese Green holds an equitable interest in the Property.

14. Ms. Green's is in the role of Guarantor.  She  agreed to serve as a guarantor for loans and financial obligations related to the Property, assuming liability in the event of default.

15. This role was critical to securing necessary financing, and the Property would not have been acquired or maintained without her financial backing.

15.  The substantial Financial Investment by Ms. Green by  contributing a substantial sum of money toward the purchase price, mortgage payments, taxes, and/or maintenance costs of the Property has materially enhanced the value and condition of the Property and further demonstrates her interest and ownership of the property.

16.  Marterese Green contributions to the purchase of the Property were made with the intent of maintaining it as a residence for her mother's care and as a location for her business operations.

17. Denying Marterese Green's legal title to the Property would result in unjust enrichment of the party responsible for the fraudulent inducement and would be contrary to principles of equity and fairness.

18. Granting Ms. Green legal title to the property further allows Ms. Green the right to borrow against the property to satisfy the loan obligation associated with the property as an owner.

## V. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Honorable Court:

A. Grant this Motion and issue an order allowing Marterese Green to added to the deed of the real property located at 903 Lakefront Drive;

B. Recognize Marterese Green equitable interest in the Property due to her substantial financial contributions.

C. Approve the Movant and Marterese Green once she is added to the deed the authority to borrow to pay off the current Mortgage Loan.

D. Provide such other and further relief as the Court deems just and proper.

Dated: September 18, 2024

Respectfully submitted,

/s/ Charles Earl Walton
Charles Earl Walton
Walton Law Group, LLC
10905 Fort Washington Road Ste 201
Fort Washington MD 20744

301-292-8357<br>
cwalton@cwaltonlaw.com<br>
Attorney for Debtor

## Certificate of Service

    I hereby certify that on **September 18, 2024**, a copy of this motion, notice of motion order and to be served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**US Trustee Lisa Stevens**

Maurice Belmont VerStandig
The VerStandig Law Firm, LLC
9812 Falls Road #114–160
Potomac, MD 20854

Prince George's County, Maryland
c/o Meyers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Ave., Ste. 400
Riverdale Park, MD
20737

<b>/s/ Charles E. Walton</b>