IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11815-MCR |
| | ) | (Chapter 11) |
| 903 LAKE FRONT DRIVE, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**OPPOSITION TO MOTION TO ADD MARTEREE
GREEN TO THE DEED OF 903 LAKEFRONT DRIVE TO BORROW**

Comes now WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("WCP"), by and through undersigned counsel, in opposition to the Motion to Add Marteree Green to the Deed of 903 Lakefront Drive to Borrow (the "Motion," as found at DE #43), and states as follows:

**I.   Introduction**

903 Lake Front Drive, LLC (the "Debtor") seeks to have the entity's sole member, Marteree Green ("Ms. Green"), added to the title of the Debtor's sole asset, essentially gifting some unspecified interest in the eponymous asset (the "Property") to Ms. Green in exchange for no consideration. In so doing, the Debtor does not cite to a single supporting legal authority and, far more concerningly, evidences that this bankruptcy is being managed not with an eye toward the best interests of creditors but, rather, solely for the benefit of equity. Such not only calls into question the Debtor's fitness to continue in possession but, too, necessarily raises questions about whether or not the Debtor's counsel has created an impermissible conflict by ridding himself of the requisite disinterestedness and electing to advocate on behalf of equity.

**II.   Argument: This is Not a Reasonable Exercise of the Debtor's Business Judgment**

As a starting point, since the Motion does not invoke any legal authority other than that correlative to jurisdiction and venue, there is some genuine uncertainty as to the section of Title

1

11 of the United States Code (the "Bankruptcy Code") upon which the Debtor relies. Insofar as the Debtor is seeking to partially alienate an interest in property, however, it appears the relief sought would be pursuant to Section 363, which titularly governs the use of property constituting part of a bankruptcy estate. Assuming as much, however, the Debtor does not—and cannot—establish such a gifting of property to be a reasonable exercise of business judgment, with the contemplated transaction instead being a fraudulent conveyance.

Familiarly, a trustee's use of property "other than in the ordinary course of business" is governed by Section 363. 11 U.S.C. § 363(b)(1). A motion thereunder, in turn, requires a showing that ". . . be some ' 'articulated business justification,' other than appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business before the bankruptcy judge may order such disposition under section 363(b)." *In re Modanlo*, 412 B.R. 715, 732 (Bankr. D. Md. 2006) (quoting *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983)).

Here, the Debtor does not articulate any business justification for wishing to gift property, sans any consideration whatsoever, to the Debtor's equity holder. The Motion is written solely from the vantagepoint of equity, noting how such a conveyance would somehow advance the equitable interests of the Debtor's ownership, but the Motion never so much as attempts to explain how or why such a conveyance would benefit the Debtor's business or the creditor base herein.[1]

---

[1] The Motion notably comes shy of explaining just what would be achieved by gifting the property to Ms. Green, insofar as WCP's lien would remain on the Property. It sincerely appears the only benefit of such a gift would be allowing Ms. Green to seek Chapter 13 relief, as is suggested in a proposed plan of reorganization filed by the Debtor. If so, transferring a liened asset to an insider, so the insider can stifle collection efforts by filing her own bankruptcy, seems the epitome of bad faith.

To the contrary, having the Debtor transfer some undefined interest in the Property to a third party insider would, self-evidently, only prove to be to the detriment of the Debtor's business interests. The proposed transaction would deplete the Debtor's sole asset without bringing any consideration into the estate, enriching an insider at the expense of creditors. This is not merely a transaction that lacks business justification; this is a transaction that, if consummated, would constitute a fraudulent conveyance under both the Bankruptcy Code and Maryland law. 11 U.S.C. § 548; Md. Code, Com. Law § 15-204; Md. Code, Com. Law § 15-205.

Such bears emphasis: what the Debtor is proposing is a fraudulent conveyance. The Debtor is, quite plainly, insolvent. The Debtor, as an insolvent entity, is seeking to convey property to a third party in exchange for no consideration whatsoever. That the third party happens to be an insider only renders the whole scheme more problematic but, too, is ultimately immaterial; the relief sought in the Motion would be in contravention of the Statute of Elizabeth even if the proposed transferee were an arm's length third party.

### III. Argument: The Motion Raises Conflict of Interest Issues

Not only does the Motion merit denial for falling woefully shy of the Section 363 standard but the filing does, too, raise its own set of issues. The Debtor is, transparently, advocating for the benefit of equity, at the expense of the estate and creditors, and doing so with the assistance of counsel engaged upon a representation of disinterestedness. The Motion not only casts serious doubts upon the allegiances of counsel but, too, shows the Debtor is wantonly shirking its most fundamental obligations as a debtor-in-possession.

Axiomatically, "[a] trustee and a debtor-in-possession owe fiduciary duties to all creditors of the bankrupt." *Skyline Restoration, Inc. v. Church Mut. Ins. Co.*, 20 F.4th 825, 827 (4th Cir. 2021). Indeed, as observed by the Fourth Circuit, "[t]he debtor-in-possession does not act in his

own interests, but rather in the interests of the creditors." *In re J.T.R. Corp.*, 958 F.2d 602, 605 (4th Cir. 1992) (citing *Stein v. United Artists Corp.*, 691 F.2d 885, 892 (9th Cir. 1982)). This is why "[c]ourts must scrutinize transactions between insiders and the debtor-in-possession to ensure that the transactions are fair to the estate and creditors." *In re Regensteiner Printing Co.*, 122 B.R. 323, 326 (N.D. Ill. 1990) (citing *Pepper v. Litton*, 308 U.S. 295, 308 (1939); *In re Club Dev. & Mgmt. Corp.*, 27 B.R. 610, 612 (9th Cir. 1982); *In re Microwave Prod. of America, Inc.*, 100 B.R. 379, 383 (Bankr. W.D. Tenn. 1989); *In re Lyon & Reboli, Inc.*, 24 B.R. 152, 154 (Bankr. E.D.N.Y. 1982)).

Transparently, the Debtor is not abiding by this fiduciary duty to creditors in seeking to gift property to the Debtor's sole equity holder. The Debtor is, rather, seeking to act in the best interests of equity, in direct contravention of *J.T.R. Corp*. Such is starkly impermissible and, in turn, calls into question the Debtor's very fitness to continue serving as a debtor-in-possession. Such does, too, necessarily raise questions about the disinterestedness of the Debtor's counsel, 11 U.S.C. § 327(a); while an attorney is, no doubt, bound to follow the reasonable directions of her or his client, the Motion does appear a particularly brash effort at advancing the interests of equity at the absolute expense—not benefit—of the Debtor and the Debtor's estate.

The posture of this case is such that a creditor-sponsored plan of reorganization is pending and there is thusly little appetite for conversion to Chapter 7 as of present. Similarly, it does not appear the Debtor's estate has funds sufficient to compensate a Chapter 11 trustee, so the usual form of relief from a conflicted debtor-in-possession is not readily available either. Yet these issues nonetheless bear observation and notation; such an egregiously conflicted effort as the Motion casts ample poison into any reservoir of goodwill otherwise maintained by a debtor-in-possession in a Chapter 11 case.

## IV. Conclusion

WHEREFORE, WCP respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 11, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Nicole C. Kenworthy    bdept@mrrlaw.net
- Lisa Yonka Stevens    lisa.y.stevens@usdoj.gov
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email
- Charles Earl Walton    cwalton@cwaltonlaw.com, mhall@cwaltonlaw.com,cwaltonlaw@gmail.com;waltoncr91773@notify.bestcase.com,msolomon@cwaltonlaw.com

/s/ Maurice B. VerStandig
Maurice B. VerStandig

5