IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11815-MCR |
| | ) | (Chapter 11) |
| 903 LAKE FRONT DRIVE, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**RESPONSE OF 903 LAKE FRONT DRIVE, LLC TO THE OPPOSITION
TO THE MOTION TO ADD MARTERESE GREEN TO THE DEED
OF 903 LAKEFRONT DRIVE TO BORROW
AND A REQUEST TO HAVE THIS MATTER HEARD
AT THE NEXT SCHEDULED HEARING ON OCTOBER 31, 2024**

Comes now 903 Lake Front Drive, LLC by counsel, in response to the Opposition to Motion to add Matarese Green to the Deed of 903 Lakefront Drive to Borrow and states as follows:

1. The Opposition filed by WCP Fund I LLC, as servicer for Pacific RBLF Funding Trust ("WCP"), mischaracterizes the purpose and substance of the Motion to add Marterese Green ("Ms. Green") to the deed of 903 Lakefront Drive.

2. Ms. Green was fraudulently lured into investing $180,000 ($160,000 downpayment and $20,000 improvements) under the false premise that 903 Lakefront Drive would be owned by her.

3. WCP along with Sampson Realty was fully aware that 903 Lake Front Drive, LLC had no assets or income.

4. WCP along with Sampson Realty was fully aware that Ms. Green was obtaining the downpayment of $160,000 from the sale of her severely disabled mother's home. Ms. Green's mother suffers from Alzheimer's and dementia.

-1-

5. WCP, through its servicer, knowingly facilitated the loan despite having full knowledge that the LLC was insolvent. This loan was part of a scheme designed to defraud Ms. Green, and the Motion seeks to remedy this fraud by reflecting her rightful interest in the property.

6. The characterization of the Motion as a "gift" without consideration is wholly inaccurate. Ms. Green's $180,000 personal investment constitutes substantial consideration, and the requested relief is aimed at ensuring her protection and rectifying the fraud she endured.

### Ms. Green Was Misled and Defrauded by WCP and Sampson Realty

7. WCP's opposition conveniently ignores its role in the fraudulent inducement of Ms. Green. The LLC was a shell entity with no assets or income, yet WCP facilitated a loan that was knowingly bound to fail based on fraudulent inducement and misrepresentation under Maryland law.

    - *Maryland Code, Commercial Law § 13-301*: **Maryland's Consumer Protection Act prohibits unfair and deceptive trade practices, including misrepresentation and fraud in connection with loans. Ms. Green was fraudulently induced to provide her personal funds based on false information.**

8. Ms. Green's $180,000 was provided based on misrepresentations made by WCP and the Debtor regarding the financial status of the LLC. The sole purpose of this transaction was to deceive Ms. Green and enrich the parties involved at her expense.

9. In response to the allegations made by WCP, Ms. Green and 903 state that they seek to void the underlying agreement pursuant to *In re Evans, 474 B.R. 391 (Bankr. D. Md.*

***2012)*** **(a case in which fraudulent inducement allowed for voiding a contract when a party was misled into making financial decisions based on misrepresentations).**

10. The Motion seeks to address this deception by adding Ms. Green to the deed of 903 Lakefront Drive, the very property she funded. WCP's claim that the transaction lacks business justification is, therefore, irrelevant in light of the fraudulent circumstances surrounding the loan.

### The Proposed Transaction Is Not a Fraudulent Conveyance

11. The proposed transaction is not a fraudulent conveyance because Ms. Green can take no action to preserve the property without being added to the deed.

12. In this case, Ms. Green seeks to correct a fraud against her pursuant to *11 U.S.C. § 548,* the Bankruptcy Code's provision on fraudulent transfers, under which transfers made with intent to defraud creditors can be avoided.

13. In this case, the argument is that the motion seeks not to defraud but to remedy fraud against Ms. Green by recognizing her rightful interest.  In the case of *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219 (4th Cir. 2005), the Fourth Circuit, which includes Maryland, held that transfers made to correct fraud or unfair transactions are not automatically fraudulent if they benefit the victim of the fraud.

14. Contrary to WCP's assertion, the transfer of an interest in the property to Ms. Green is not a fraudulent conveyance, but a necessary correction of a fraud perpetrated against her.

15. WCP argues that the proposed transaction would deplete the LLC's assets without bringing any value into the estate.

16. Ms. Green's $180,000 contribution is the only significant asset connected to this property. Without her funds, the LLC would have been incapable of acquiring the property in question.

17. The relief requested in the Motion is not intended to defraud creditors but to restore Ms. Green's rightful interest in the property.

18. WCP's opposition seeks to protect its own improper actions by continuing to exploit Ms. Green's investment, rather than acknowledge her legitimate financial stake in the property.

19. Ms. Green has a business justification to protect her interest; furthermore Ms. Green is liable on the loan.

20. WCP criticizes the Motion for failing to articulate a business justification. However, the primary rationale is straightforward: Ms. Green's personal contribution of $180,000 allowed the LLC to obtain the property and increase its value, which she now seeks to protect her investment by being added to the deed. The transfer of an interest in the property would not be a gift; rather, it would reflect her substantial financial contribution.

### WCP Misstates the Business Judgment Rule

21. WCP misstates the Business Judgment Rule as it should be applied in this case. This Court has held that the business judgment rule protects decisions made in good faith that serve a legitimate business purpose, even in bankruptcy. *See In re NVR L.P.,* 147 B.R. 126 (Bankr. D. Md. 1992).

22. Adding Ms. Green to the deed serves to correct a wrong and protect her investment, aligning with good business judgment. Furthermore, in the case of *In re The Fairchild Aircraft Corp.,* 184 B.R. 910 (Bankr. W.D. Tex. 1995), the court's decision upheld the

principle that actions taken by a debtor to protect a creditor's legitimate interest, especially in light of fraud, are reasonable under the business judgment rule.

23. Ms. Green can also be viewed as a creditor and debtor.

24. By adding Ms. Green to the deed, the Debtor's business judgment is exercised to protect a creditor who was misled into financing the property acquisition.

25. This action not only corrects a prior fraud but also ensures that the property accurately reflects its true financial backing. It is in the best interest of fairness and equity to acknowledge Ms. Green's role in this transaction.

26. WCP's opposition fails to acknowledge the fraudulent circumstances under which Ms. Green made her $180,000 investment rather than attempt to protect Ms. Green or the Estate by providing Equitable Remedies and avoiding Unjust Enrichment. Debtor in part relies on:

    - *In re Melenyzer,* 140 B.R. 143 (Bankr. W.D. Tex. 1992): The court in this case exercised its equitable powers under 11 U.S.C. § 105 to prevent unjust enrichment and ensure fairness in the administration of bankruptcy cases. This aligns with the argument that Ms. Green is entitled to an equitable interest in the property.

    - *Wagner v. Doehring*, 315 Md. 97, 553 A.2d 684 (1989): Maryland case law on unjust enrichment, where courts can grant equitable relief to a party who has been wrongfully deprived of their financial interest due to another party's misconduct.

27. WCP seeks to continue the deception and deny Ms. Green her rightful interest as a creditor in the property by opposing the Motion to Add Ms. Green to the Deed of 903 Lakefront Drive and Borrow. Ms. Green has provided significant financial consideration and has a property interest that should be recognized by granting her motion.

    - *See In re Real Estate Associates Ltd. Partnership, 223 B.R. 195* (Bankr. C.D. Cal. 1998): The court held that a creditor who provided significant financial consideration in a property transaction is entitled to protection and recognition of their interest.

- *See also In re Parks, 503 B.R. 820* (Bankr. N.D. Ind. 2013): The court recognized the equitable interest of a party who was misled into investing in property, requiring the deed to reflect that interest.

28. Debtor has not been allowed the opportunity to protect her property interest including but not limited to mortgage statements payment books, and payoff statements.

29. Debtor seeks to remedy the fraud and ensure that she is not further exploited by the same parties who misled her.

30. Furthermore, all authorities show that Ms. Green's financial contribution and the fraudulent circumstances entitle her to relief through equitable remedies and recognition of her interest in the property. The motion to add her to the deed seeks to correct the fraud perpetrated against her and ensure her investment is protected.

WHEREFORE, this Court should grant the Motion to add Ms. Green to the deed and grant her authority to borrow in recognition of her substantial financial contribution, and equitable interest property interest and to rectify the fraud and unjust enrichment that has already been perpetrated against her.

Dated: October 21, 2024  /s/ Charles E. Walton
Charles E. Walton – Bar # 17474
Walton Law Group, LLC
10905 Fort Washington Road Ste 201
Fort Washington, MD 20744
Phone: (301)-292-8357
Fax: (301) 292-8357
cwalton@cwaltonlaw.com
*Counsel for Debtor*

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 21st day of October 2024, a copy of the foregoing was served electronically upon filing via the CM/ECF system, with copies to:

    Nicole C. Kenworthy
    bdept@mrrlaw.net

    Lisa Yonka Stevens
    lisa.y.stevens@usdoj.gov

    US Trustee - Greenbelt
    USTPRegion04.GB.ECF@USDOJ.GOV

    MauriceBelmontVerStandig
    mac@mbvesq.com,
    lisa@mbvesq.com;mahlon@dcbankruptcy.com;
    mac@dcbankruptcy.com;
    verstand ig.mauricer104982@notify.bestcase.com;
    verstandiglaw@recap.email

                                        /s/ Charles Earl Walton
                                        Charles Earl Walton