**MARIA ELLENA CHAVEZ-RUARK, U.S. BANKRUPTCY JUDGE**

Evidentiary Hearing:  NO
Exhibits Filed:  NO

PROCEEDING MEMO − CHAPTER 11

**Case: 24-11815-MCR**   Date: 12/11/2024 at 2:00 p.m.
**903 Lake Front Drive, LLC**

Appearances:  Charles Earl Walton, counsel for Debtor
Maurice Belmont VerStandig, counsel for WCP Fund I LLC as Servicer for Pacific RBLF Funding Trust
Lisa Yonka Stevens, Office of the United States Trustee

Also present:  Marterese Veronica Green, Debtor representative

[29] Disclosure Statement Filed by WCP Fund I LLC as Servicer for Pacific RBLF Funding Trust. (Attachments: # 1 Exhibit A - Plan of Reorganization)

[37] Disclosure Statement *For Chapter 11 Plan of Reoganization of 903 Lake Front Drive, LLC* Filed by 903 Lake Front Drive, LLC. (Adu-Bakare, Busayo). Related document(s) 36 Chapter 11 Plan filed by Debtor 903 Lake Front Drive, LLC.

[43] Motion to Borrow/Refinance and Notice of Motion Re: 903 Lake Front Drive. Notice Served on 9/18/2024, Filed by 903 Lake Front Drive, LLC. Objections due by 10/3/2024. with three additional calendar days allowed if all parties are not served electronically. Hearing scheduled for 12/11/2024 at 02:00 PM - Courtroom 3-C. (Attachments: # 1 Notice of Motion # 2 Proposed Order)

[51] Opposition on behalf of WCP Fund I LLC as Servicer for Pacific RBLF Funding Trust Filed by Maurice Belmont VerStandig (related document(s)43 Motion to Borrow/Refinance and Notice of Motion filed by Debtor 903 Lake Front Drive, LLC).

[53] Response on behalf of 903 Lake Front Drive, LLC Filed by Charles Earl Walton (related document(s)51 Opposition filed by Creditor WCP Fund I LLC as Servicer for Pacific RBLF Funding Trust).

COMMENTS: Counsel for the Debtor confirmed that the only difference between the amended plan at Dkt. No. 57 and the prior plan at Dkt. No. 36 is the addition of the one sentence in Section 3.2(b) on page 7 regarding the treatment of the claim of Prince George's County.  The Court will note the deficiency at Dkt. No. 58 as satisfied.

Counsel for the Debtor argued that the Debtor's sole member, Ms. Green, believed she had purchased the property and that Sampson

Properties and WCP orchestrated the transaction, putting the property in the name of the Debtor.  He argued that relief is appropriate under Md. Comm. Law 13-301 and that the Court has the authority to void the contract and add Ms. Green to the title using its equitable powers (citing *Evans*, 474 B.R. 391).  He said Ms. Green put $164,000 of her own money into the purchase and another $22,000 into renovations so that she would have a home in which to care for her ill mother.  Counsel argued that adding Ms. Green to the deed is necessary for her to obtain a loan to refinance the property and that the case should be converted to a Chapter 13 so Ms. Green can proceed as the debtor in bankruptcy.

It is unclear whether there is equity in the property.  The Debtor valued the property at $655,000 in its Schedule A/B and listed WCP's debt at $661,000 in Schedule D.  Prince George's County filed a claim for approximately $8,000.

Counsel for WCP reported that WCP is owed $660,122.04 as of the date of filing, per diem is $314.61, and the balance due as of today is $748,670.04 [(282 days x $314.61) = $88,548 + $660,122.04).  He also reported that WCP cannot provide a loan to Ms. Green because it is not a regulated lender and cannot loan to individuals.

The Court noted that the parties have the same desired outcome (that the property be sold or refinanced and that WCP be paid) and explored the potential for a joint plan.  It does not appear that is possible.

The relief sought in the motion requires an adversary proceeding under Bankruptcy Rule 7001 and is therefore denied.

Both disclosure statements are approved.  The ballot must give the voting creditor the ability to express a preference between the two plans if the creditor votes to accept both per Bankruptcy Rule 3018(c).

DISPOSITION:   Hearing held.  Motion to borrow [43] denied.  Deficiency as to Debtor's amended plan [57 and 58] satisfied.  Both disclosure statements [29 and 37] approved.  Service of plan, disclosure statement, order approving disclosure statement, and ballot by 12/18/24.  Objections to confirmation and ballots due 1/22/25.  Tally of ballots due 2/6/25.  Confirmation hearing 2/13/25 at 11:00 a.m. in person.