IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11815-MCR |
| | ) | (Chapter 11) |
| 903 LAKE FRONT DRIVE, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION
OF 903 LAKE FRONT DRIVE PROPOSED BY WCP FUND I  LLC**

Comes now Debtor 903 Lake Front Drive, LLC (hereinafter referred to as "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 3020(b), and objects to confirmation of the Chapter 11 Plan of Reorganization of 903 Lake Front Drive, LLC Proposed by WCP Fund I LLC (the "Plan," as found at DE #30, with the proponent thereof being known as the "WCP") and in support thereof states as follows:

**I.      Introduction**

WCP proposes to sell the Debtor's real estate to the highest bidder at an auction conducted by a person of WCP's election on the second Tuesday after the "Effective Date" (fourteen days after the Confirmation Date).

WCP's plan fails to give any regard to the fact that Materese Green (hereinafter referred to as "Ms. Green"), the Sole Member of 903 Lake Front Drive, LLC, was fraudulently lured into investing $180,000 ($160,000 downpayment and $20,000 in improvements) under the false premise that 903 Lakefront Drive, Bowie, Maryland 20721 (the "Property") would be owned by her.

-1-

WCP's Plan fails to give any regard to the fact that WCP, along with Sampson Realty, was fully aware that Debtor 903 Lake Front Drive, LLC had no assets or income when Debtor 903 Lake Front Drive, LLC signed a Purchase Money Deed of Trust on November 8, 2021. WCP's Plan also gives no regard to the fact that Ms. Green obtained the down payment of $160,000 for the Property from the sale of her severely disabled mother's home.[1]

WCP, through its servicer, knowingly facilitated the purchase money mortgage loan despite having full knowledge that Debtor 903 Lake Front Drive, LLC was insolvent.  This purchase money mortgage was part of a scheme designed to defraud Ms. Green, whose personal investment of $180,000 in the Property constitutes substantial consideration.

## II.    Standard

Familiarly, a bankruptcy court is only to confirm a plan of reorganization if all of the requirements set forth in Section 1129(a) of the Bankruptcy Code are satisfied. 11 U.S.C. § 1129(a). In assessing such compliance, "[t]he plan proponent bears the burden of establishing that each requirement set forth in §1129 has been met by a preponderance of the evidence." *In re Neogenix Oncology, Inc.*, 508 B.R. 345, 353 n.9 (Bankr. D. Md. 2014) (citing *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters. (In re Briscoe Enters.)*, 994 F.2d 1160, 1165 (5th Cir. 1993)).

Accordingly, confirmation of a plan in a non-Subchapter V case is always pegged to a plan proponent making showings that (i) the plan is compliant with Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 1129(a)(1); (ii) the plan's proponent is compliant with the Bankruptcy Code, 11 U.S.C. § 1129(a)(2); (iii) "[t]he plan has been proposed in good

---

[1] Ms. Green's mother suffers from Alzheimer's and dementia.

faith and not by any means forbidden by law," 11 U.S.C. § 1129(a)(3); (iv) the plan not provide

for the imposition of rates at odds with governmental oversight, 11 U.S.C. § 1129(a)(6); (v) each

impaired class has either accepted the plan or will take as much under the plan as it would in a

chapter 7 liquidation, 11 U.S.C. § 1129(a)(7);(vi) confirmation is not likely to be followed by

liquidation, 11 U.S.C. § 1129(a)(11); (vii) retirement benefits are not diminished by the plan, 11

U.S.C. § 1129(a)(13); and (viii) property transfers be in accord with applicable nonbankruptcy

law, 11 U.S.C. § 1129(a)(16).

### III.    Argument: Confirmation Should be Denied

#### a.    The Plan Does Not Comply with the Bankruptcy Code

As a starting point, the Plan ought not be confirmed insofar as the Plan, even when most

generously construed, does not nearly abide by the mandates of the Bankruptcy Code.  In

particular, as has been explained above, the Plan does not comply with the dictates of 11 U.S.C.

§ 1129(a)(3) because the Plan has not been proposed in good faith.

#### b.    The Plan Enforces the Payment of Rates that are at odds with Governmental Oversight.

WCP has acknowledged in filings made in this Court that the current interest rate on

WCP's note is 24%, a usurious rate that is truly at odds with governmental oversight of Purchase

Money Deed of Trust notes.  See Doc. 75, p. 12.

#### c.    Each impaired class has not either accepted the plan or will take as much under the Plan as they would in a Chapter 7 liquidation

WCP's Plan makes no provision for the Debtor and Ms. Green to receive repayment of

their investment in the Property under the Plan.  They are members of an impaired class that has

-3-

not accepted the Plan.  Nor will they receive as much under the Plan as they would in a Chapter 7 liquidation.

> **d.    The Plan provides for immediate liquidation of the Estate's Real Property**

WCP's Plan proposes to sell the Debtor's real estate to the highest bidder at an auction conducted by a person of WCP's election on the second Tuesday after the "Effective Date" (fourteen days after the Confirmation Date).

> **e.    The Retirement Assets of Ms. Green's Mother are Substantially Diminished under the Plan**

Ms. Green's mother invested $160,000 of her retirement assets garnered from the sale of her home into the down payment made for the loan on the Property.  The Plan fails to offer her any reimbursement for her down payment on the Property made on behalf of Debtor Lake Front Drive LLC.

> **f.    The property transfers contemplated by the Plan are not in accord with applicable non-bankruptcy law**

WCP's Plan conveniently ignores its role in the fraudulent inducement to extract funds from Ms. Green and her mother.  Debtor 903 Lake Front Drive LLC was a shell entity with no assets or income, yet WCP facilitated a loan that was knowingly bound to fail, a transaction that violated Maryland law prohibiting fraudulent inducement and misrepresentation.

Maryland's Consumer Protection Act (Md. Ann. Code, Comm. Law, § 13-301) prohibits unfair and deceptive trade practices, including misrepresentation and fraud in connection with loans.  Ms. Green's mother was fraudulently induced to provide her personal funds based on

-4-

false information.  In particular, she was induced to provide $180,000 based on WCP's misrepresentations.  The sole purpose of the loan transaction for the Property was to deceive Ms. Green's mother and enrich WCP.  *See In re Evans*, 474 B.R. 391 (Bankr. D. Md. 2012) (a case in which fraudulent inducement allowed for voiding a contract when a party was misled into making financial decisions based on misrepresentations).

> g.      **The Plan is Not Fair and Equitable**

As shown above, WCP can not show that the treatment of the Debtor, Ms. Green, and Ms. Green's mother is "fair and equitable," 11 U.S.C. § 1129(b)(1).   The fact that the current interest rate on WCP's note is 24% underlines the unfairness and lack of equity shown by WCP.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) deny confirmation of the Plan; (ii) confirm, instead, the competing plan of the Debtor; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 22, 2025

By: /s/ Charles Earl Walton
Charles Earl Walton, Esq.
Bar No. 18373
Walton Law Group, LLC
10905 Fort Washington Rd., Suite 201
Fort Washington, MD 20744
Phone: (301) 292-8357
Facsimile: (301) 292-9439
cwalton@cwaltonlaw.com
*Counsel for the Debtor*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2025, a copy of the foregoing

was served electronically upon filing via the ECF system, with copies to:

• Nicole C. Kenworthy bdept@mrrlaw.net
• Lisa Yonka Stevens lisa.y.stevens@usdoj.gov
• US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV
• Maurice Belmont VerStandig mac@mbvesq.com,
lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstand
ig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email
• Charles Earl Walton cwalton@cwaltonlaw.com,
mhall@cwaltonlaw.com,cwaltonlaw@gmail.com;waltoncr91773@notify.bestcase
.com,msolomon@cwaltonlaw.com

/s/ Charles Earl Walton
Charles Earl Walton

-6-