Entered: January 24th, 2025
Signed: January 24th, 2025

**DENIED**

The assigned courtroom does not have hybrid hearing technology, and even if it did, the movant has not demonstrated good cause and compelling circumstances for remote testimony. Transmission [of testimony from a different location] cannot be justified merely by showing that it is inconvenient for the witness to attend the trial. Fed. R. Civ. P. 43 Advisory Committee Notes (noting that the most pervasive showings of good cause and compelling circumstances arise from a witness being unable to attend a hearing or trial for unexpected reasons such as accident or illness).



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

## IN UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **903 LAKE FRONT DRIVE, LLC** | )   Case No.: 24-11815 |
| | ) |
| Debtor | )   Chapter 11 |

**ORDER**

Upon considering Debtor's Motion to Appear Remotely, and any responses thereto, it is by this Court:

**ORDERED**, that Debtor's Motion to Appear Remotely for the hearing scheduled for February 13, 2025, at 11 a.m. is GRANTED.

_____
JUDGE, Maria E. Chavez-Ruark

cc:
US Trustee Lisa Stevens
Nicole C. Kenworthy
Charles E. Walton, Esq. - Counsel for the Debtor
Maurice Belmont VerStanding - Counsel for the Creditor
Evan Meyers - Prince George's County, Maryland c/o Meyer, Rodbell, & Rosenbaum, PA

End of Order