# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Greenbelt Division)

| | |
|---|---|
| **In re:** <br><br> **903 LAKE FRONT DRIVE, LLC** <br><br> Debtor. | Case No. 24-11815-MCR <br> **Chapter 11** |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "United States Trustee"), by counsel, moves this Court to dismiss the case filed by 903 Lake Front Drive, LLC (the "Debtor") pursuant to 11 U.S.C. § 1112 because the Debtor is delinquent in filing monthly operating reports. In support of this motion, the United States Trustee states as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction to hear this motion under 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue before this Court is proper under 28 U.S.C. § 1409(a).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105 and 1112(b) and Fed. R. Bankr. P. 9013, 9014.

4. The United States Trustee has standing to bring this motion pursuant to 11 U.S.C. § 307 and is entrusted with monitoring the progress of cases filed under Chapter 11 pursuant to 28 U.S.C. § 586(a)(3)(G).

### II. BACKGROUND

5. On March 4, 2024, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Petition Date"). ECF 1.

6. The Debtor has never timely filed a Monthly Operating Report (each an "MOR") in this case. Instead, the Debtor has a history of missing the filing deadline for multiple MORs in a row, then finally filing them in bulk months late (or days late, in the case of the most recent MOR of the cluster) and only after several reminders by the United States Trustee.

7. For instance, on June 24, 2024, the Debtor filed a MOR for March 2024 – over two months late. ECF 23. Concurrently, the Debtor filed the MOR for April 2024 (over one month late) and the MOR for May 2024 (3 days late). ECF 24, 25.

8. On December 2, 2024, the Debtor filed (i) the MOR for June 2024 (over 4 months late); (ii) the MOR for July 2024 (over 3 months late); (iii) the MOR for August 2024 (over 2 months late); (iv) the MOR for September 2024 (over 1 month late); and (v) the MOR for October 2024 (11 days late). ECF 60-64.

9. No MOR has been filed in this case since December 2, 2024.

10. The United States Trustee has repeatedly informed the Debtor of the need to file the MORs for November 2024, December 2024, January 2025, and February 2025 (collectively, the "Missing MORs"). The Debtor has promised compliance, but to date, none of Missing MORs have been filed.

11. The Disclosure Statement was conditionally approved by this Court on March 18, 2025. ECF 93. Confirmation is set for May 6, 2025. *See id.*

### III.   ARGUMENT

**A. Cause Exists to Convert this Case Pursuant to 11 U.S.C. § 1112**

12. Section 1112 of the Bankruptcy Code governs conversion or dismissal of Chapter 11 cases and provides in relevant part: "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a

case under this chapter, whichever is in the best interests of creditors and the estate for cause…" 11 U.S.C. § 1112(b)(1).

13. Section 1112(b)(4) of the Bankruptcy Code enumerates 16 definitions of "cause," including the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" and "failure to timely provide information…reasonably requested by the United States Trustee." 11 U.S.C. §§ 1112(b)(4)(F). (H).

14. A bankruptcy court has wide discretion to determine whether cause exists to dismiss or convert a case. *See In re Prods. Int. Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2008); *In re Tornheim*, 181 B.R. 161, 163 (Bankr. S.D.N.Y 1995); *see also In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010) (stating factors enumerated in section 1112(b)(4) are not exhaustive).

    i.    **This Case Should be Dismissed Pursuant to 11 U.S.C. §§ 1112(b)(4)(F), (H) Because the Debtor Has Never Timely Filed a Monthly Operating Report and the Missing MORs Remain Outstanding.**

15. Cause exists to dismiss or convert a case due to the unexcused failure of a debtor to timely satisfy any filing or reporting requirement established by Title 11 of the Bankruptcy Code. 11 U.S.C. § 1112(b)(4)(F); *see also In re Landmark Atlantic Hess Farm*, LLC, 448 B.R. 707, 716 (Bankr. D. Md. 2011)(finding cause for dismissal under 11 U.S.C. § 1112(b)(4)(F) even after the debtor filed catch-up monthly operating reports two days before a hearing on the United States Trustee's motion to dismiss).

16. Failure to file monthly operating reports undermines the Chapter 11 process. *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995). They are not busy work – they are essential. *Andover Covered Bridge, LLC*, 553 B.R. 162, 173 (B.A.P. 1st Cir 2016). "Monthly operating reports provide necessary information to the Court, creditors, and other parties in

interest about the progress and prospects of a debtor's reorganization efforts." *Id.* (*citing ABCD Holdings, LLC v. Hannon (In re Hannon)*), 512 B.R. 1, 19 (Bankr. D. Mass 2014)).

17. The Operating Guidelines and Reporting Requirements of the United States Trustee for the District of Maryland ("Guidelines") expressly state that a debtor in possession must file monthly operating reports with the Court each month after a petition is filed until a plan is confirmed or the case is dismissed or converted.

18. The Guidelines also state that if a debtor in possession fails to comply with these requirements, the United States Trustee may file a motion to convert or dismiss the case on that basis.

19. Moreover, sections 1106(a)(1) and 1107(a) of the Bankruptcy Code require the filing of such periodic operating reports. 11 U.S.C. §§ 1106(a)(1), 1107(a); *see also* 11 U.S.C. § 704(a)(8); Fed. R. Bankr. P. 2015.

20. This Court has further held that the failure to file a monthly operating report constitutes cause to convert or dismiss a case under section 1112(b)(4)(H) of the Bankruptcy Code. *In re Sydnor*, 431 B.R. at 596 (holding that each failure to file an operating report in a Chapter 11 case – by itself – establishes cause under 11 U.S.C. § 1112(b)(4)(H)).

21. The Debtor has enjoyed the protection afforded by Chapter 11 for over a year but has simultaneously displayed a willful disregard for its duty to make timely disclosures as a debtor in possession.

22. The Debtor has never timely filed an MOR in this case. Instead, the Debtor has consistently waited until several months of MORs were missed before filing them in bulk at one time and only after repeated reminders by the United States Trustee.

23. Additionally, the Missing MORs – which span 4 of the last 5 months of the

Debtor's bankruptcy proceeding – still have not been filed, even though the deadline to object to confirmation of the proposed Chapter 11 Plan is days away, with a confirmation hearing in less than 3 weeks.

24. The Debtor's failure to timely file the MORs – or to file them at all – have repeatedly hampered the ability of creditors, the Court, the United States Trustee, and other parties in interest to monitor the Debtor's post-petition actions. As a result of this failure, the case should be dismissed pursuant to 11 U.S.C. §§ 1112(b)(4)(F), (H).

**B. Dismissal is in the Best Interest of Creditors and the Estate.**

25. Once cause has been established, the Court must exercise its discretion to determine which action – conversion or dismissal – is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1); *see Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d. 240, 242 (4th Cir. 1994); *see also In re Sydnor*, 431 B.R. at 590 (After cause is established, the "court must dismiss the case or convert the case…or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate).

26. In determining which remedy – dismissal or conversion – is in the best interest of creditors and the estate, the Court should consider the following factors:

   a. Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion than dismissal;
   b. Whether there would be a loss of rights granted in the case if it were dismissed rather than converted;
   c. Whether the debtor would simply file a further case upon dismissal;
   d. The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;
   e. In assessing the interests of the estate, whether conversion or dismissal would maximize the estate's value as an economic enterprise;
   f. Whether any remaining issues would be better resolved outside the bankruptcy forum;
   g. Whether the estate consists of a 'single asset';
   h. Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests;

      i. Whether a plan had been confirmed and whether any property remains in the estate to be administered; and

      j. Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Lakefront Investors, LLC v. Clarkson*, ,484 B.R. 72, 83 (D. Md. 2012) (quoting *7 Collier on Bankruptcy* § 1112.04[7] (citing cases)).

27. United States Trustee believes that the best interests of the estate and creditors would be served by dismissing this case.

28. Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order dismissing the case and granting such other and further relief as this Court deems necessary and appropriate.

Dated: April 16, 2025

**MATTHEW W. CHENEY**
Acting United States Trustee for Region 4
By Counsel:

*By: /s/ Courtney L. Morgan*
Courtney L. Morgan, Bar No. 17817
Trial Attorney
Office of United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Telephone: (301) 344-0023
Fax: (301) 344-8431
Email: Courtney.L.Morgan@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2025, a copy of the foregoing United States Trustee's Motion to Dismiss Case was served electronically through the Court's Electronic Case Filing notices system on the following:

- **Nicole C. Kenworthy**   bdept@mrrlaw.net
- **US Trustee - Greenbelt**   USTPRegion04.GB.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email
- **Charles Earl Walton**   cwalton@cwaltonlaw.com, mhall@cwaltonlaw.com,cwaltonlaw@gmail.com;waltoncr91773@notify.bestcase.com,msolomon@cwaltonlaw.com

/s/ Courtney L. Morgan
Courtney L. Morgan